UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 19-46484-705 |
| | ) | Chapter 7 |
| LINDA JEAN DOTSON, | ) | |
| | ) | **TRUSTEE'S APPLICATION** |
| | ) | **TO EMPLOY SPECIAL** |
| | ) | **LITIGATION COUNSEL** |
| Debtor | ) | |

## TRUSTEE'S APPLICATION TO EMPLOY
## SPECIAL LITIGATION COUNSEL

COMES NOW Tracy A. Brown, Chapter 7 Trustee herein ("Applicant") pursuant to 11 U.S.C. §§330 and files this Application to Employ Special Litigation Counsel and in support thereof respectfully states as follows:

1. Applicant is the duly appointed, qualified and acting Chapter 7 Trustee herein.

2. The Court has jurisdiction regarding this matter pursuant to 28 U.S.C. §151, §1334, and Local Rule 9.01(B) of the United States District Court for the Eastern District of Missouri. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2). Venue is proper pursuant to U.S.C. §1409.

3. Debtor filed a Petition for Relief under the provisions of Chapter 7 of Title 11 of the United States Code on October 16, 2019.

4. Applicant moves the Court to allow her to employ the law firm of Brown & Crouppen, P.C., 1 Metropolitan Square, Suite 1600, St. Louis, MO 63102, a law firm whose attorneys are duly admitted to practice in the State of Missouri, as special litigation counsel in this case ("Special Litigation Counsel"), for the purpose of representing the Debtor, Linda Jean Dotson,

1

in matters relating to an automobile accident for physical injuries suffered by Debtor (the "Claim"). Special Litigation Counsel represents the Debtor in negotiations and any future litigation for events that occurred prior to the opening of this Chapter 7 proceeding. Amanda Sher is the attorney at Brown & Crouppen primarily responsible for handling the Claim.

5. It is necessary for the Applicant to employ Special Litigation Counsel to undertake such actions as may be appropriate or necessary in connection with the Claim. Such actions may include, among other things, settlement negotiations and, if necessary, litigation, including trying the action and any necessary appeals.

6. Applicant proposes, upon the granting of this Application, to employ Special Litigation Counsel in connection with all matters relating to the Claim. Due to Special Litigation Counsel's familiarity with the circumstances involved, the prior representation of the Debtor in the Claim, the resulting experience and knowledge, and their skill and expertise in matters of this type, the Applicant believes that the employment of Special Litigation Counsel with respect to matters relating to and involving the Claim is essential and is in the best interest of the estate.

7. The matters for which Special Litigation Counsel is to be employed are matters in which no other counsel employed in this case shall render services duplicating those rendered by Special Litigation Counsel.

8. Compensation of Special Litigation Counsel, subject to court approval, is that certain retainer agreement executed on May 29, 2019, in which Debtor employed Special Litigation Counsel. In the retainer agreement, the Debtor agreed to pay Special Litigation Counsel on a contingency basis the sum equal to 38 1/3 % of the recovery for the settlement of the Claim along with other case expenses. The fee arrangement does not include the costs of any appeal. Special Litigation Counsel has agreed that any expenses, court costs, fines, or other expenses

associated with the handling of the case, such as filing fees, depositions, subpoena/service fees, and other expenses shall be paid solely from the recovery arising out of the Claim and that if there is not a recovery as a result of the Claim, the estate, the Debtor, and the Trustee will not be liable to Special Litigation Counsel for any costs and expenses incurred.

9. The Special Litigation Counsel shall be responsible for satisfying all valid liens and subrogation interests asserted against the Claim from the proceeds of the Claim.

10. The Special Litigation Counsel may pay from the proceeds of the Claim, all known outstanding medical bills for medical treatment that Debtor received in connection with the Claim.

11. The Court may authorize the employment of Special Litigation Counsel, pursuant to 11 U.S.C. §327(e) which states:

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

12. The Applicant is satisfied with the Declaration of Special Litigation Counsel attached hereto as **Exhibit "A"**, which shows that Special Litigation Counsel does not represent or hold any interest adverse to the Debtor or to the estate with respect to the matters for which Special Litigation Counsel is to be employed. Moreover, the Applicant believes that the employment of Special Litigation Counsel with respect to matters involving and related to the Claim is in the best interest of the estate.

13. To the best of the knowledge, information, and belief of the Applicant, Special Litigation Counsel does not represent any creditor or other party in interest in this Chapter 7 case.

14. To the best of the knowledge, information, and belief of the Applicant, Special Litigation Counsel has received no fee or cost advance in connection with its proposed representation of the Debtor as special litigation counsel in this Chapter 7 case. Special Litigation Counsel does not hold any pre-petition claim against the Debtor.

15. Special Litigation Counsel will be paid directly out of settlement proceeds pursuant to the Contract referenced above.

WHEREFORE, the Applicant respectfully requests that she be authorized, pursuant to 11 U.S.C. §330, and in accordance with Rule 2014(a) of the Federal Rules of Bankruptcy Procedure to employ Special Litigation Counsel as set forth hereinabove and that the Court's Order relate back to the earlier of the date of this application or the date Special Litigation Counsel first performed any service on behalf of Trustee related to this matter.

Respectfully submitted,

The Law Office of Tracy A. Brown, P.C.

By: /s/Tracy A. Brown
Tracy A. Brown, #47074MO
Chapter 7 Trustee
1034 South Brentwood, Suite 1830
St. Louis, MO 63117
(314) 644-0303
(314) 644-0333 fax
tab7@bktab.com

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was filed electronically on February 22, 2020 with the United States Bankruptcy Court, and has been served on the parties in in interest via e-mail by the Court's CM/ECF System as listed on the Court's Electronic Mail Notice List.

I certify that a true and correct copy of the foregoing document was filed electronically with the United States Bankruptcy Court, and has been served by Regular United States Mail Service, postage fully pre-paid, address to those parties listed on the Court's Manual Notice List and listed below on February 22, 2020:

Linda Jean Dotson
Debtor
4120 Obannon Road, Apt. 1
St. Louis, MO 63129

Amanda Sher
Brown & Crouppen, P.C.
1 Metropolitan Square, Suite 1600
St. Louis, MO 63102

Office of the United States Trustee
111 S. 10th Street, Suite 6353
St. Louis, MO 63102

                                              /s/ Debbie Gibson